616 A.2d 1076

**LINCOLN GENERAL INSURANCE COMPANY, Appellant,**

**v.**

**Paul E. DONAHUE, Individually, and Paul E. Donahue, t/d/b/a P.E. Donahue Trucking Co., Janet D. Gunn, Individually and on behalf of the heirs of Eugene A. Gunn, Deceased, and Janet D. Gunn, Administratrix of the Estate of Eugene A. Gunn, Theodore Joseph Adams, an Incompetent, by Thelma Adams, his Guardian Ad Litem, and Thelma Adams in her own right, Sonya R. Smith, John Edward Dowell, Maurice J. Sweeting, Jay C. Herr, Liedtka Trucking, Inc., Reliance Insurance Company, Planet Insurance Company, Bernard D. Jackson, William Jack-**

son, Pro Con Environmental, Inc., Northbrook Insurance Company, Herr Foods, Inc., Avis Rent–A–Car Systems, Inc., Department of Transportation of the Commonwealth of Pennsylvania, Progressive Casualty Insurance Co., Rockwood Insurance Company of Indiana, Pro Construction Corporation, and W.M. Jackson Tkg., Inc.

Theodore Joseph ADAMS, an Incompetent, by Thelma ADAMS, his Guardian Ad Litem and Thelma Adams, in her own right,

v.

Paul Edward DONAHUE, individually and t/a P.E. Donahue Trucking Co., P.E. Donahue Trucking Co., et al.

Paul Edward DONAHUE, individually and t/a P.E. Donahue Trucking Co., P.E. Donahue Trucking Co., et al.

v.

LINCOLN GENERAL INSURANCE COMPANY, Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided Oct. 27, 1992.

300

Rees Griffiths, for appellant.

Michael Coren, for appellees Liedtka Trucking, Inc., Reliance Ins. Co. and Planet Ins. Co.

Jeffrey A. Brodkin, for appellees Maurice I. Sweeting and Sonya R. Smith.

Joseph C. Murray, for appellees Theodore Joseph Adams by Thelma Adams and Thelma Adams in her own right.

Susan Antonelli, Deputy Atty. Gen., for appellee Com. of Pa.

Before SMITH and KELLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Lincoln General Insurance Company (Lincoln General) appeals from two orders of separate Courts of Common Pleas, pursuant to Pa.R.C.P. No. 213.1, transferring a declaratory judgment action brought by Lincoln General in the Court of Common Pleas of Lancaster County to the Court of Common Pleas of Delaware County and coordinating that action with three related tort actions. Lincoln General argues that principles of res judicata and/or collateral estoppel prevent the transfer ordered by the courts of common pleas. Alternatively, Lincoln General argues that the transfer was an abuse of discretion or that it must be reversed because the underlying tort suits must be tried separately from the declaratory judgment action. We are unpersuaded by Lincoln General's arguments and affirm.

The instant case arises from a motor vehicle accident which occurred in Delaware County on December 15, 1989. Paul Donahue (Donahue), William Jackson and Bernard Jackson (the Jacksons, collectively with Donahue, the Tort Defendants) are alleged to be liable for injuries to Theodore Adams, Eugene Gunn, Maurice Sweeting and Sonya Smith (the Tort Plaintiffs) as a result of that accident. Donahue was operating the truck alleged to have caused the accident. Liability of the Jacksons is based on an alleged lease of the truck by Donahue to the Jacksons [doing business as Liedtka Trucking]. The Tort Plaintiffs filed three actions in trespass in the Delaware County Court of Common Pleas against the Tort Defendants as well as the Pennsylvania Department of Transportation (DOT).

Lincoln General had issued separate insurance policies to all three Tort Defendants. Lincoln General brought a declaratory judgment action in the Lancaster County Court of Common Pleas asserting that none of the policies it had issued afforded coverage in the underlying tort suits. Specifically, Lincoln General asserted that the policy issued to Donahue is limited to non-trucking liability, the policy issued to William Jackson was canceled prior to the accident, and the policy issued to Bernard Jackson does not provide coverage because the vehi-

cle which Donahue was operating at the time of the accident is not a covered vehicle under that policy. Lincoln General also joined Planet/Reliance Insurance Company (PRI) alleging that the truck Donahue was operating at the time of the accident was covered by a policy PRI had issued to Liedtka Trucking. The Tort Plaintiffs are named as parties in the declaratory judgment action and DOT was joined as an indispensable party.[1]

The Tort Plaintiffs moved in the Lancaster County Court of Common Pleas for transfer of the declaratory judgment action to Delaware County pursuant to the forum non conveniens provisions of Pa.R.C.P. 1006(d)(1). The motion was denied, the court specifically noting: "The instant case [declaratory judgment action] has no common issue of law with the Delaware County actions [underlying tort suits] and slight, if any, common issues of fact with those actions." (Lancaster County Court of Common Pleas, No. 3834–1990, Opinion of J. Stengel, 1/28/91, p. 2.) The Tort Plaintiffs then filed a motion in the Delaware County Court of Common Pleas seeking transfer and coordination of the declaratory judgment action pursuant to Pa.R.C.P. 213.1. That motion was granted, the court noting that the factual questions which would predominate the declaratory judgment action in Lancaster County were also present in the Delaware County underlying tort proceedings. (Delaware County Court of Common Pleas, No. 90–14626, Opinion of J. Battle, 3/11/92. p. 3.) The Lancaster County Court of Common Pleas concurred in the transfer and coordination, noting that the two actions arose out of the same transaction or occurrence. (Lancaster County Court of Common Pleas, No. 3834–1990, Opinion of J. Stengel, 4/13/92, p. 4.) Lincoln General appealed both the Delaware County order of Decem-

---

1. DOT filed preliminary objections in the Lancaster County Court of Common Pleas arguing that its regulations require that the declaratory judgment action be heard in Delaware County. The Lancaster County Court never ruled on DOT's preliminary objections. Because we sustain the transfer and coordination of the declaratory judgment action to Delaware County on different grounds, we hold that the question of the venue regulations is moot and we will not address DOT's arguments.

ber 18, 1991 and the Lancaster County order of April 13, 1992.[2]

■ Initially, Lincoln General argues that the transfer and coordination ordered by the Delaware County Court of Common Pleas is precluded by the previous order of the Lancaster County Court of Common Pleas which denied a transfer sought pursuant to Pa.R.C.P. 1006(d)(1). We disagree. The Delaware County Court acted pursuant to Pa. R.C.P. 213.1. While similar to Rule 1006(d)(1),[3] Rule 213.1 serves a different purpose. Change of venue under the doctrine of forum non conveniens pursuant to Rule 1006(d)(1) is available as a necessary counterbalance to a plaintiff's choice of forum to insure fairness and practicality. *In re Paoli Railroad Yard PCB Litigation,* 137 Pa.Commonwealth Ct. 220, 585 A.2d 608, *petition for allowance of appeal denied,* 529 Pa. 660, 604 A.2d 251 (1991). Rule 213.1 provides for transfer and coordination to prevent duplication of efforts by the courts and inconsistent rulings. (Pa.R.C.P. 213.1, Explanatory Comment, 1990.) Thus, a motion pursuant to Rule 213.1 is not identical to a motion pursuant to Rule 1006(d)(1), and res judicata does not apply. *Howard v. Department of Public Welfare,* 108 Pa.Commonwealth Ct. 592, 529 A.2d 1231 (1987).

■ Lincoln General also argues that the Tort Plaintiffs are collaterally estopped from pursuing the Rule 213.1 motion by the previous Rule 1006(d)(1) decision. In support of their position, Lincoln General cites *Richardson Brands, Inc. v. Pennsylvania Dutch Co., Inc.,* 405 Pa.Superior Ct. 202, 592

2. Judge Stengel's order of April 13, 1992, reaffirmed a prior order of March 16, 1992, which had concurred in the transfer of the declaratory judgment action.

3. The relevant text of the two rules provides as follows:

For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought. Pa.R.C.P. 1006(d)(1).

In actions pending in different counties which involve a common question of law or fact or which arise out of the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Pa.R.C.P. 213.1(a).

A.2d 77 (1991).[4]   While not binding authority, we agree with the Superior Court that if a previous order had determined "that there were no common questions of law or fact, [the Tort Plaintiffs] would not be able to relitigate that issue . . . ." *Richardson Brands*, 405 Pa.Superior Ct. at 210, 592 A.2d at 82.   Collateral estoppel would then preclude any motion to transfer which asserts that Rule 213.1 applies because of the existence of a common question.

▮▮▮▮   Lincoln General, however, gives an overly broad reading to the January 25, 1991 order of the Lancaster County Court.   While Judge Stengel decided that no common questions of law existed, he also noted that there were some common questions of fact.   Rule 213.1 is phrased in the disjunctive.   So long as there is a common question of law *or* a common question of fact *or* the cases arise out of the same transaction *or* occurrence, a transfer and coordination order may be entered.   Thus, because the existence of common question(s) of fact was not decided against the Tort Plaintiffs in the prior order,[5] they are not estopped from invoking that basis for a transfer under Rule 213.1.   *Department of Transportation v. Martinelli*, 128 Pa.Commonwealth Ct. 448, 563 A.2d 973 (1989), (identical issue of fact must have been decided in prior proceeding to apply collateral estoppel principles).[6]

**4.** While not addressed by the parties, we concur with the Superior Court's decision in *Richardson Brands* that, although interlocutory, a Rule 213.1 order affects venue and is appealable as of right under Pa.R.A.P. 311(c).

**5.** Lincoln General seems to argue that because Judge Stengel found only slight, if any, common factual questions, Judge Battle was precluded from determining that factual questions which would predominate the declaratory judgment action were also present in the underlying tort actions.   We do not agree.   The existence of common factual questions is not a consideration for a forum non conveniens transfer pursuant to Rule 1006(d)(1), which focuses on the convenience of parties and witnesses.   Thus, the common fact issue was not essential to Judge Stengel's Rule 1006(d)(1) decision and collateral estoppel does not apply.

**6.** Lincoln General puts forth extensive argument regarding Judge Stengel's later decision concurring in the transfer which held that the declaratory judgment action and the underlying tort cases arose out of the same transaction or occurrence.   The existence of any common question of fact provides the necessary basis for the Delaware County

■ We will examine an order to transfer and consolidate under Rule 213.1 under an abuse of discretion standard; so long as the record provides sufficient support to justify the transfer, no abuse has been shown. *Richardson Brands*, 405 Pa.Superior Ct. at 208, 592 A.2d at 81. Exercise of the trial court's discretion is guided by the rule. Factors to be considered, among others include:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

Court to exercise its power under the rule. Thus, whether or not there is an alternative "same transaction or occurrence" basis is irrelevant. Moreover, we disregard Judge Stengel's second opinion for a more fundamental reason. By the plain language of Rule 213.1, the decision whether to transfer and coordinate is restricted to the court where the first complaint was filed. Thus, the Lancaster County Court had no jurisdiction to examine the transfer order. To require the court where the later complaint was filed to concur in the decision to transfer raises the possibility of inconsistent rulings which the rule was meant to prevent. The question of the propriety of a Rule 213.1 transfer is to be presented *only* to the court where the initial complaint was filed. As discussed above, collateral estoppel may prevent such a transfer if the precise question of the basis used by the movant to invoke the rule has been previously determined against the movant in the related proceeding. Nonetheless, to preserve the purpose of the rule, we hold that once a transfer has been ordered, jurisdiction lies only with the court entering the Rule 213.1 order. The remedy for an erroneous decision is an appeal to this Court or the Superior Court, not an attempt to have the coordinate court of common pleas refuse to comply with the transfer order. Accordingly, all proceedings in the Lancaster County Court of Common Pleas subsequent to the December 18, 1991 transfer order of the Delaware County Court of common Pleas, except those administrative orders necessary for transfer of the case, are vacated for lack of jurisdiction.

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

Pa.R.C.P. 213.1(c).

■■ The Delaware County Court decided that factors (2) through (6) favored transfer of the declaratory judgment action. We see no abuse of discretion in that determination. Lincoln General argues that transfer will not advance the convenience of parties, witnesses and counsel. We disagree. The Delaware County Court noted that six of the nine attorneys in the Lancaster County action were from Delaware or neighboring counties. Because a Rule 213.1 transfer serves different purposes than a change of venue due to forum non conveniens, the convenience of all parties or witnesses is not a prerequisite to such a transfer. Thus, Lincoln General's citation to *Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827 (1989), is inapposite. It is not an abuse of discretion to order a transfer which will enhance the convenience of a majority of the individuals involved.

As to factor (3), Lincoln General argues that transfer will result in unreasonable delay and prejudice. Discovery has proceeded in both the declaratory judgment action and the tort actions. All discovery from Lancaster County can be used in the Delaware County Court. Lincoln General does not allege that the Delaware County Court is so severely congested that they will be unable to proceed with the case. We are unpersuaded that this transfer will result in unreasonable delay. Lincoln General's argument on prejudice is confined to an assertion that the transfer will deprive it of a chosen forum. While a plaintiff's choice is entitled to deference, deprivation of the chosen forum will occur whenever there is a transfer made under Rule 213.1. More than that is necessary to show prejudice which would weigh against a transfer.

Lincoln General argues that transfer will not promote efficient utilization of judicial resources because the Delaware County Court will now have to familiarize itself with coverage issues already explored by the Lancaster County Court. This argument ignores the determination of Judge Battle that

there are common questions which will provide the Delaware County Court a sound factual foundation upon which to build. We do not believe the issues in the declaratory judgment action are so novel that the Delaware County Court will not be able to proceed with minimal delay. Moreover, Rule 213.1 is designed to promote efficiency by bringing both actions into one judicial district. Obviously, this will increase the workload of the court to which the case is transferred. The efficiency gain lies in reducing the caseload of the court from which the case is transferred. By focusing their argument solely on the Delaware County Court, Lincoln General ignores the intent of the rule.

Lincoln General does not dispute the court's determination as to factor (5). Transfer and coordination will reduce the possibility of inconsistent rulings.

Lincoln General argues that the transfer will not increase the likelihood of settlement of either action because none of the insurers involved will attempt to settle the underlying tort cases until coverage issues have been resolved. Initially we note that the factor to be considered is whether the separate actions would be settled without further litigation if coordination is denied. Accepting Lincoln General's argument at face value: the underlying tort actions will not be settled until the declaratory judgment action is decided, we fail to understand how transfer and coordination has any impact. Assuming that the coverage issues must proceed separately and be decided first, it seems irrelevant whether this occurs in Delaware County or in Lancaster County. Further, we see no indication that this argument was ever presented to Judge Battle and the record is devoid of evidence regarding this issue. We will not engage in speculation to find an abuse of discretion.

The determination that five of the six factors guiding a trial court's Rule 213.1 decision weigh in favor of transfer and coordination is supported by the record. We find no abuse of discretion in the Delaware County Court's decision.

Finally, Lincoln General argues that because the declaratory judgment action cannot be consolidated with the tort

actions, the order is erroneous. Once again, we disagree. It is true that *Stokes v. Loyal Order of Moose Lodge # 696,* 502 Pa. 460, 466 A.2d 1341 (1983), would prevent the Tort Plaintiffs from joining Lincoln General to the underlying tort actions merely to litigate questions of insurance coverage. Rule 213.1, however, does not require joinder or consolidation. The rule provides for coordination, not consolidation. Thus, *Loyal Order of Moose* does not prevent the transfer ordered here.

The order of the Delaware County Court of Common Pleas is affirmed. The orders of the Lancaster County Court of Common Pleas are vacated because of no jurisdiction.

## ORDER

NOW, October 27, 1992, the order of the Delaware County Court of Common Pleas, entered at 90–14626 on December 18, 1991, is affirmed. The orders of the Lancaster County Court of Common Pleas, entered at No. 3834–1990, on March 16, 1992 and April 13, 1992, are vacated because of no jurisdiction.