666 A.2d 701

**WOHLSEN/CROW (A Joint Venture), Appellant,**

v.

**PETTINATO ASSOCIATED CONTRACTORS & ENGINEERS, INC. and Hartford Fire Insurance Company.**

Superior Court of Pennsylvania.

Submitted April 18, 1995.

Filed Oct. 16, 1995.

216

Brian J. Cali, Dunmore, for appellant.

Corrie L. Fischel, Lancaster, for appellees.

Before WIEAND, BECK and HOFFMAN, JJ.

BECK, Judge:

In this appeal we are called upon to review an order issued pursuant to Rule 213.1 of Pennsylvania's Rules of Civil Procedure, governing coordination of actions in different counties. Pa.R.C.P. 213.1. For the reasons that follow we affirm in part and vacate in part.

The action underlying this appeal arose from a contract dispute involving the construction of a 1000–bed medium security prison to be located in Schuylkill County. Appellant Wohlsen/Crow, A Joint Venture ("Wohlsen/Crow") entered into a contract with the Redevelopment Authority of Schuylkill County to build the prison. Appellee Pettinato Associated Contractors & Engineers ("PACE") was subcontracted by Wohlsen/Crow to perform certain concrete slab construction. Appellee Hartford Fire Insurance Company ("Hartford") is surety on a Subcontract Payment Bond and a Subcontract Performance Bond naming Wohlsen/Crow as obligee.

In February 1993, Wohlsen/Crow brought suit against PACE in the Court of Common Pleas of Lancaster County alleging breach of contract. (Docket No. 588–1993). This case is referred to hereinafter as the "Primary Case." Subsequent to filing of the Primary Case, PACE filed two separate actions in the Court of Common Pleas of Schuylkill County. The first of these cases is an action in equity seeking to prevent Wohlsen/Crow from terminating the subcontract. (Docket No. S–271–1993). The second case is an action in assumpsit naming as defendants Wohlsen/Crow, American Insurance Company/Fireman's Fund Insurance Company, and the Redevelopment Authority of Schuylkill County. (Docket No. S–610–1993). These two Schuylkill County cases are referred to collectively hereinafter as the "Secondary Cases."

In addition to the Primary and Secondary Cases discussed above, three other cases involving PACE and the construction of the prison were initiated in the Court of Common Pleas of

Schuylkill County. In May 1993, James W. Quandel & Sons, Inc. brought suit against PACE and Hartford alleging non-payment for materials supplied. (Docket No. S–663–1993). PACE subsequently joined Wohlsen/Crow as a cross-claim defendant in this action. In June 1993, Ritner Steel filed an action against PACE and Hartford. (Docket No. S–1097–1993). Wohlsen/Crow is not a party to this action. In August 1993, American Buildings Co. filed an action against PACE, Hartford, and Wohlsen/Crow for alleged non-payment for materials supplied. (Docket No. S–1480–1993). These three Schuylkill County cases are referred to collectively hereinafter as the "Tertiary Cases."

In September 1993, Wohlsen/Crow filed a motion with the Court of Common Pleas of Lancaster County for coordination of actions in different counties pursuant to Pa.R.C.P. 213.1. Wohlsen/Crow's motion requested that the Secondary cases pending in Schuylkill County be coordinated with the Primary Case in Lancaster County, and that Lancaster County be the location of the coordinated actions. Wohlsen/Crow's motion did not mention the Tertiary Cases. PACE filed an answer to the motion and argued in its brief that, if coordination were deemed necessary, Schuylkill County was the proper location for the coordinated actions. PACE's brief noted the existence of the five interrelated cases pending in Schuylkill County (the Secondary and Tertiary cases), and argued that judicial economy and the convenience of the parties and witnesses militated in favor of coordination in Schuylkill County rather than Lancaster County. In September 1994, the Lancaster County trial court ordered all six of the aforementioned cases (Primary, Secondary, and Tertiary) coordinated in the Court of Common Pleas of Schuylkill County. Wohlsen/Crow then filed this timely appeal.

We note initially that an order directing coordination of actions in different counties is an interlocutory order appealable as of right. Pa.R.A.P. 311(c); *Richardson Brands, Inc. v. Pennsylvania Dutch Co., Inc.*, 405 Pa.Super. 202, 592 A.2d 77 (1991); *Lincoln General Ins. Co. v. Donahue*, 151 Pa.Cmwlth. 297, 616 A.2d 1076 (1992). We review an order

coordinating actions under rule 213.1 for abuse of discretion by the trial court. Where the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists. *Richardson Brands, Inc.*, 405 Pa.Super. at 208, 592 A.2d at 81.

Wohlsen/Crow's first allegation of error challenges the trial court's decision to order coordination in Schuylkill County rather than in Lancaster County. In its motion for coordination, Wohlsen/Crow argued that the Court of Common Pleas of Lancaster County was the proper venue for the coordinated actions. It did not suggest Schuylkill County as a possible venue. The essence of Wohlsen/Crow's argument is that by exceeding the four corners of the motion, the trial court's decision to order coordination in Schuylkill County was an abuse of discretion.[1] We disagree.

Rule 213.1 directs the court to consider a variety of factors in deciding whether to order coordination and in determining what location is best suited for the coordinated proceedings. Rule 213.1(c) states:

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

---

1. Wohlsen/Crow does not challenge the substance of the trial court's decision to coordinate the primary and secondary cases. There is no suggestion that these three cases do not involve a common question of fact or law or do not arise from the same transaction or occurrence. Wohlsen/Crow's challenge goes strictly to the choice of location for the coordinated actions.

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

Pa.R.C.P. 213.1(c). The Rule does not require that the court's choice of venue be limited to those requested in the motion for coordination. Rather, section (d)(2) of the Rule states that:

(d) If the court orders that actions shall be coordinated, it may

\*   \*   \*   \*   \*   \*

(2) transfer any or all further proceedings in the actions to the court or courts in which any of the actions is pending

Pa.R.C.P. 213.1(d)(2). Read together, the meaning of these two sections is clear. In deciding whether and where to coordinate actions, the court must consider the totality of the circumstances, and examine in particular the factors enumerated in section (c). If the court then decides that coordination is appropriate, it may do so in any court in which one or more of the actions is pending. The choice of venue, like the decision to coordinate, is left to the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion.

In the instant case, PACE argued persuasively that the Court of Common Pleas of Schuylkill County was the logical venue for the coordinated actions. PACE noted that five cases linked to the Primary Case were pending in Schuylkill County, and that the gravamen of all six cases was a subcontract for the construction of a prison located in Schuylkill County. PACE also argued that Schuylkill County was a more convenient location for PACE, its attorneys, and several witnesses. Having considered the totality of the circumstances, the court was free to choose the venue most appropriate for the coordinated actions. The court was not, as Wohlsen/Crow argues, limited to ordering coordination only in the venue suggested in the motion. We conclude that the trial court's decision to make Schuylkill County the location of the coordinated actions was not an abuse of discretion.

Wohlsen/Crow next argues that the Tertiary Cases were improperly included in the coordination order. We agree.[2] Wohlsen/Crow's motion for coordination requested that the Secondary Cases be coordinated with the Primary Case. The motion did not mention the Tertiary Cases, nor did PACE file a cross-motion for coordination of the Tertiary Cases. The trial court clearly acted properly in considering the existence of the Tertiary Cases as evidence supporting its decision to coordinate the Primary and Secondary Cases in Schuylkill rather than Lancaster County. However, the Tertiary Cases were not part of any motion to coordinate, and as such the trial court exceeded its authority by including those cases in its order.[3] We accordingly vacate the coordination order as to the Tertiary Cases.[4]

2. The order in relevant part provides:

By authority of Pa.R.C.P. 213.1(c) and (d)(2) this action in Lancaster County is Transferred to Schuylkill County for coordination with the following Schuylkill County cases:

*PACE v. Wohlsen/Crow*, S–271–1993 (Equity)
*PACE v. Wohlsen/Crow*, s–610–1993
*Quandel v. PACE and Hartford*, S–663–1993
*Ritner Steel v. PACE*, S-1097–1993
*American Buildings Co. v. PACE, et al.*, S–1480–1993

(footnotes omitted).

3. Unlike Rule 213(a) (relating to consolidation, severance and transfer of action and issues within a single county), Rule 213.1 does not provide for the court to order coordination upon its own motion. Rather, coordination proceedings are initiated by a party filing a motion with the court in which a complaint was first filed. Pa.R.C.P. 213.1(a).

4. An order to coordinate actions under Rule 213.1 does not automatically effect the same result as an order to consolidate actions under Rule 213. Rather, an order to coordinate decides that the coordinated actions involve a common question of law or fact or arise from the same transaction or occurrence, and brings those actions together into a single venue thus making them ripe for possible consolidation under Rule 213. Consolidation is at the court's discretion, on its own motion or that of any party. Pa.R.C.P. 213(a).

In the instant case, Wohlsen/Crow's coordination motion did not include the Tertiary Cases, and parties to those cases were given neither notice nor an opportunity to respond to the motion. Therefore, allowing the order to stand as issued would result in the parties to the Tertiary Cases being prevented from challenging a subsequent motion for consolidation on the grounds that the cases involve different questions of law or fact or arise from different transactions or occurrences.

We conclude that while the trial court acted properly in choosing Schuylkill County as the location of the coordinated proceedings, coordination of the Tertiary Cases was error. We therefore affirm the order as to the coordination of the Primary and Secondary Cases in the Court of Common Pleas of Schuylkill County. We vacate the order as to the coordination of the Tertiary Cases.

Order affirmed as to Docket Numbers 588–1993, S–271–1993, and S–610–1993. Order vacated as to Docket Numbers S–663–1993, S–1097–1993, and S–1480–1993.

As those parties were never afforded an opportunity to address the matter, such a result is untenable and requires vacation of the order as to the Tertiary cases.