Rezk v. Dubois Medical Supply Inc.

■■■■■■

*Ronald P. Carnevali Jr.,* for plaintiff.
*Anthony S. Guido,* for defendant.

DiFRANCESCO, *J.,* August 23, 2005—This case is before the court on plaintiff's motion to coordinate actions and/or to stay regarding actions filed in both Cambria and Clearfield counties. Arguments of counsel were heard on August 15, 2005. The court has subsequently taken the matter under advisement.

## FINDINGS OF FACT

The plaintiff, John C. Rezk, was required by the President of DuBois Medical Supply Inc. (defendant) to execute an agreement with respect to his employment with the defendant. The said agreement was executed on or about February 2003. The plaintiff alleged that the agreement contained a clause providing for a restriction against competition should the plaintiff's relationship with the defendant be terminated. The plaintiff also contends that the agreement contained a clause providing for a compensation increase upon execution of the agreement.

A dispute arose between the parties when the plaintiff contended that the defendant failed to provide him with a compensation increase at the time of the execution of the agreement or at any time thereafter. On or about June

5, 2005, the plaintiff's employment with the defendant was terminated.

The defendant subsequently asserted that it would enforce the noncompetition portions of the agreement against the plaintiff. In response, the plaintiff filed a complaint for declaratory judgment with the Cambria County Court of Common Pleas asking that the agreement and its restriction against competition be declared void and unenforceable.

On or about July 7, 2005, the defendant, as well as its president, Paul K. Rezk, and his wife, Karen M. Rezk, filed a complaint in equity in the Clearfield County Court of Common Pleas docketed at 05-977-CD against the plaintiff. The three-count complaint asked in part that the plaintiff be enjoined from soliciting any customers or patients of the defendant, enforcement of the noncompetition clause, a count of unjust enrichment, and that the plaintiff allegedly disrupted a sale of the defendant company which resulted in a potential loss of $1,000,000 for the defendants.

As a result of these concurrent actions in Cambria and Clearfield counties, the plaintiff has filed a motion to coordinate actions and/or to stay with this honorable court asking that the action in Clearfield County be transferred to Cambria County or, conversely, that the action in Clearfield County be stayed until the instant action is resolved and this court has made a determination with respect to the enforceability of the noncompetition provisions of the agreement in dispute.

## DISCUSSION

Regarding the coordination of actions in different counties, Pennsylvania Rule of Civil Procedure 213.1 provides:

*"Rule 213.1. Coordination of actions in different counties*

"(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

"(b) The court in which the complaint was first filed may stay the proceedings in any action, which is the subject of the motion.

"(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

"(1) whether the common question of fact or law is predominating and significant to the litigation;

"(2) the convenience of the parties, witnesses and counsel;

"(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

"(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

"(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

"(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

"(d) If the court orders that actions shall be coordinated, it may

"(1) stay any or all of the proceedings in any action subject to the order, or

"(2) transfer any or all further proceedings in the actions to the court or courts in which any of the actions is pending, or

"(3) make any other appropriate order.

"(e) In the order of coordination, the court shall include the manner of giving notice of the order to all parties in all actions subject thereto and direct that specified parties pay the costs, if any, of coordination. The court shall also order that a certified copy of the order of coordination be sent to the courts in which the actions subject to the order are pending, whereupon those courts shall take such action as may be appropriate to carry out the coordination order.

"(f) The final order disposing of a coordinated action or proceeding shall be certified and sent to the court in which the action was originally commenced to be filed of record."

The Explanatory Comment for this relatively recently enacted Rule of Civil Procedure provides in part:

"A problem sought to be relieved by this rule is the instance where actions proceed simultaneously in more

than one county and no court will defer to another and no party is willing to litigate the claim in a county other than the one of his choosing. This situation leads to duplication of effort by the courts and the parties and may result in inconsistent rulings and orders."

The Comment further provides:

"In providing a framework rather than detailed procedures, the rule applies to both complex and simpler litigation which crosses county lines. One court will be able to take charge of multiple class actions commenced in several counties. One court will be able to oversee litigation arising from two petitions to open a judgment, one petition filed in the county in which the judgment was entered and the other in the county to which it was transferred."

In the present matter, the plaintiff has asked that this court either transfer the Clearfield County action to Cambria County pursuant to Pa.R.C.P. 213.1(d)(2) or stay the Clearfield County action per Pa.R.C.P. 213.1(d)(1) until the instant action is resolved and this court has made a determination with respect to the enforceability of the noncompetition provisions of the agreement in question.

In making such a determination, the Superior Court has directed trial courts to consider the totality of the circumstances and examine in particular, factors enumerated in Pa.R.C.P. 213.1; if the trial court then decides that coordination is appropriate, it may do so in any court in which one or more of the actions is pending, and choice of venue, like decision to coordinate, is left to the sound discretion of the trial court. See *Wohlsen/Crow v. Petti-*

*nato Associated Contractors & Engineers Inc.,* 446 Pa. Super. 215, 666 A.2d 701 (1995).

As such, this court has reviewed the actions filed in both counties, and finds that there is a commonality of parties and with the legal issue of the non-competition clause of the agreement. In fact, the court finds that essentially both actions per the noncompetition clause arise from the same transaction or occurrence. In reviewing the separate complaints, the court notes that the facts per this issue as so alleged by both parties are nearly identical. However, the court does note that the issue raised in Clearfield County regarding the sale of the defendant's business has not been raised in Cambria County. The court believes that the validity or voidability of the agreement is the key underlying issue in both suits and must be addressed before pursuing the other action.

Therefore, with this court's finding of the commonality of the issue of the noncompetition clause of the agreement in the actions filed in both Clearfield and Cambria County, and with the action in Cambria County having been filed first, the court finds that this issue should be decided first, and in Cambria County with the other issues in Clearfield County stayed until resolution of this issue. With the spirit of Pa.R.C.P. 213.1 in mind, it is this court's goal to avoid inconsistent rulings on the same issue—that being a determination of the validity of the noncompetition clause. As for the other issues filed in Clearfield County, they should be decided appropriately in Clearfield County upon resolution of the issue of the validity of the noncompetition clause.

Accordingly the following order is entered:

## ORDER

And now, August 23, 2005, it is hereby ordered and decreed that pursuant to Pennsylvania Rule of Civil Procedure 213.1(d)(1)-(3), that the prothonotary of Cambria County is directed to notify the Clearfield County Court of Common Pleas that the action filed at 05-977-CD is stayed until the issue raised in both the action filed in Cambria County and in Clearfield County regarding the noncompetition clause is resolved by the Cambria County Court of Common Pleas.