# Orsulak v. Penn Nat'l Mut. Cas. Ins. Co.

180

*John D. Nardone,* for plaintiffs.
*Peter J. Speaker,* for defendants.

VAN JURA, J., April 12, 2011—This matter before the court is the motion for coordination/petition to transfer venue, filed by defendants, Penn National Mutual Casualty Insurance Company and Penn National Insurance ("Penn National"), pursuant to Pa.R.C.P. 213.1.

The plaintiffs' claims arise from a motor vehicle accident which occurred on January 12, 2009 in Monroe County, Pa. On U.S. Route 209, Bushkill Township, in the Delaware Water Gap National Recreational Area. The plaintiffs allege that a vehicle operated by the alleged tortfeasor, Lisa Ann Windish, crossed into the lane of travel of the plaintiff Mr. Orsulak's vehicle, striking it and allegedly causing serious and permanent injuries both to both Mr. Orsulak and Ms. Windish. Ms. Windish is insured by AAA Insurance with respect to the collision.

The plaintiffs filed a writ of summons in Monroe County on January 4, 2011 to Monroe County No. 55 of 2011. No complaint has been filed. As required by the Penn National policy covering the plaintiffs, counsel for the Orsulaks notified Penn National of a $25,000.00 settlement offer tendered by AAA Insurance to the plaintiffs on behalf of Ms. Windish and requested that Penn National consent to the settlement and waive its subrogation rights as against Ms. Windish or, in the alternative, tender Penn National's own $25,000.00 draft (in the amount of the AAA Insurance settlement offer) if Penn National wished to pursue a subrogation claim against Ms. Windish. Penn National refused to consent to the settlement or waive its subrogation rights, but did tender its own settlement draft (in place of one from AAA Insurance), which was accepted by the plaintiffs. See *Daly-Sand v. West America Insurance*, 564 A.2d 965 (Pa. Super. 1989).

The Orsulaks deferred discontinuing their tort claim against Ms. Windish in Monroe County with the hope that they could reach a global settlement with Ms. Windish's insurer, Mr. Orsulak's worker's compensation insurer and defendant Penn National.

In the instant earlier action, filed in Luzerne County, the plaintiffs, Robert Orsulak and Michele Orsulak ("plaintiffs"), filed a complaint with causes of action sounding in breach of contract (UIM) and bad faith, on September 10, 2010. Defendant Penn National filed an answer on October 13, 2010.

42 Pa.C.S.A. 213.1(c) sets forth six (6) separate categories of factors which the court must consider,

where appropriate, in deciding a motion for coordination under Rule 213.1. The convenience of counsel is only one (1) of the factors mentioned in one (1) of the six (6) categories of factors to be considered.

A review of the six (6) categories demonstrates that coordination should be granted and that venue in the instant case should be transferred to Monroe County. Luzerne County has, based on the record before the court, no or virtually no connection with the issues involved, the facts or site of the accident in question, the potential witnesses or other sources of proof.

The underlying basis for Penn National's motion to coordinate and transfer is Pa. R.C.P. 213.1 which provides, in pertinent part, as follows:

Rule 213.1. Coordination of Actions in Different Counties

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

(b) The court in which the complaint was first filed may stay the proceedings in any action which is the subject of the motion.

(c) In determining whether to order coordination

and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

(d) If the court orders that actions shall be coordinated, it may

(1) stay any and all proceedings in any action subject to the order, or

(2) transfer any or all further proceedings in the actions to the court or courts in which any of the actions is pending; or

(3)     make any other appropriate order.

Luzerne County is the court in which a complaint was first filed and is, therefore, the correct forum for a decision on the coordination motion.

Pa.R.C.P. 213.1 is intended to provide a procedure to regulate actions which are brought in different counties and which involve common questions of law or fact that arise from the same transaction or occurrence. The basis for the rule is the avoidance of multiple trials and proceedings in these separate actions and the resultant economy to both the parties and the judicial system. *Washington v. Fed Ex Ground Package System*, 995 A.2d 1271 (Pa. Super. 2010).

In deciding whether and where to coordinate actions, the court must consider the totality of the circumstances, and examine in particular, the factors enumerated in [Pa.R.C.P.213.1(c)]. If the court then decides that coordination is appropriate, it may transfer venue to any court in which one or more of the actions is pending. *Wohlsen/Crow v. Pettinato Associated Contractors and Eng'rs.*, 666 A.2d 701 (Pa. Super. 1995).

In exercising its discretion, the lower court should receive guidance not only from the enumerated criteria listed in Rule 213.1. but also from the explanatory comment to Rule 213.1(c), which explains that the ultimate determination that the court must make is whether coordination is "a fair and efficient method of adjudicating the controversy." *Geiger v. Rouse*, 715 A.2d 454 (Pa. Super. 1998).

The decision to transfer a case to coordinate it with a related case proceeding simultaneously in another county lies within the sound discretion of the lower court, and only an abuse of that discretion constitutes reversible error. *Fox v. Pennsylvania Power and Light Co.*, 461 A.2d 805 (Pa. Super. 1983). Whether the appellate court would have reached the same conclusion as the lower court is immaterial. *Trumbauer v. Godshall*, 686 A.2d 1335 (Pa. Super. 1996).

The Court of Common Pleas of Luzerne County, in post-*Koken* cases, amidst a divided sea of opinion on the issues, has favored the consolidation of UIM claims and the underlying personal injury claims against the tortfeasor. That position, however, is not determinative of the defendants' motion for coordination in this case because Rule 213.1 deals with coordination of actions between counties as opposed to Pa.R.C.P. 213, which deals with consolidation and severance of actions within a county. Pa.R.C.P. 213.1 does not even, in fact, require joinder or consolidation. It provides only for jurisdictional coordination of two or more actions within a single jurisdiction. *Lincoln General Insurance Co. v. Donahue*, 616 A.2d 1076 (Pa. Cmwlth. 1992).

A careful review of the entire record in this matter, and the factors outlined in Pa.R.C.P. 213.1(c), compel the conclusion that the coordination and transfer of this case to Monroe County is both appropriate and amply supported by the record.

There are clearly predominating, significant and common questions of law and fact involved in both actions.

*Lincoln General Ins. Co. v. Donahue*, 616 A.2d 1076 (Pa. Cmwlth. 1992). Issues of liability, causation, damage and injury with respect to the motor vehicle accident are among those.

The plaintiffs, according to their complaint, reside in Northampton County, and their residence is less than thirty-three (33) driving miles from the Monroe County courthouse, but over sixty-one (61) driving miles from the Luzerne County courthouse.

Also, according to the affidavit of Marjorie J. Bray, a senior claims representative of defendant Pennsylvania National Mutual Casualty Insurance Co. (Exhibit "C" to the defendants' Brief):

> Mr. Orsulak...received treatment from the Rehabilitation Center at Coordinated Health. It is located less than 33 driving miles from the Monroe County courthouse but over 70 driving miles from the Luzerne County courthouse. Bayada Nurses, which also provided Mr. Orsulak treatment, is located less than 34 driving miles from the Monroe courthouse but about 69 driving miles from the Luzerne County courthouse. Mr. Orsulak received treatment from Good Shepherd Specialty Select Hospital, which is located about 35 driving miles from the Monroe County courthouse but over 67 driving miles from the Luzerne County courthouse. Mr. Orsulak received treatment from VSAS Orthopaedics. It is 38 driving miles from the Monroe County courthouse and 62 driving miles from the Luzerne County courthouse. Mr. Orsulak received treatment from Thomas Renaldo, D.O., at the White Hall Medical Center, which is located

42 driving miles from the Monroe County courthouse but 65 driving miles from the Luzerne County courthouse. Both Plastic Surgery Associates of Lehigh Valley and Lehigh Valley Infectious Disease Specialists provided treatment to Mr. Orsulak. They are located 47 driving miles from the Monroe County courthouse and about 62 driving miles from the Luzerne County courthouse. Good Shepherd Rehabilitation Hospital provided Mr. Orsulak treatment and is located less than 48 driving miles from the Monroe County courthouse but over 65 driving miles from the Luzerne County courthouse. Mr. Orsulak also received treatment and/or underwent tests at Lehigh Valley Hospital, Coordinated Health, CHS Professional Practice, P.C., Geisinger Medical Center, and Lehigh Magnetic Imaging Center, none of which is located in Luzerne County.

The instant case filed in Luzerne County is in its seminal stage. No complaint has been filed in the Monroe County action. The court finds that coordination would, therefore, not result in any unreasonable delay or expense to any party or otherwise prejudice a party in this action which would be subject to coordination.

Having the instant Luzerne County action processed with and decided by the Monroe County court having jurisdiction over the personal injury action will promote the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions; it will avoid the disadvantages of duplicative and inconsistent rulings, orders or judgments and avert issue preclusion disputes; likewise, coordination of the two actions with

their interrelated facts, legal issues, methods and sources of proof and common witnesses would provide an appropriate platform for the potential global resolution of all the matters at issue.

For the foregoing reasons, the court enters the attached order.

## ORDER

And now, April 12, 2011, upon consideration of defendant's motion for coordination/petition to transfer venue and the responses thereto, the entire record, the law of the Commonwealth of Pennsylvania and the argument of counsel, it is hereby ordered and decreed that defendant's motion is granted, and this action is hereby transferred from the Court of Common Pleas of Luzerne County to the Court of Common Pleas of Monroe County for coordination with the action filed in Monroe County to No. 55 of 2011. It is further ordered that a certified copy of this order be sent to the Court of Common Pleas of Monroe County; that defendant Penn National provide notice and a copy of this order, by certified mail, to Lisa Ann Windish; and that Penn National pay all associated court fees and costs of coordination, if any.

The prothonotary is directed to serve notice of the entry of this order pursuant to Pa.R.C.P. 236.