J-A17031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ERIC B. GREENBERG, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARVEY PENNINGTON, LTD., | |
| Appellant | |
| v. | |
| JOHN F.X. MONAGHAN, | |
| Appellee | No. 3801 EDA 2016 |

Appeal from the Order Entered November 15, 2016
in the Court of Common Pleas of Chester County
Civil Division at No.: 2015-08865

BEFORE: GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 19, 2017**

Appellant, Harvey Pennington, LTD., appeals from the order of November 15, 2016, which granted the motion of Appellee, John F.X. Monaghan, for coordination. For the reasons discussed below, we affirm.[1]

We take the underlying facts and procedural history in this matter from the trial court's February 2, 2017 opinion and our independent review of the certified record. On November 6, 2015, Appellee Eric B. Greenberg,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellee, Eric B. Greenberg, has not filed a brief in this appeal.

an attorney, filed the instant action in the Court of Common Pleas of Chester County against Appellant, a law firm. (*See* Chester County Complaint, 11/06/15, at 1). In the complaint, Appellee Greenberg sought an accounting and damages for breach of contract and unjust enrichment. (*See id.* at 3-4). He alleged that in January 2007, he entered into a written agreement for compensation with Appellant, which included a percentage of all fees paid to Appellant by certain insurance companies or self-insured organizations. (*See id.* at 1-3). Appellee Greenberg claimed that Appellant has paid the hourly portion of his salary but refused to keep current in its percentage payments and has not paid them since January 2012. (*See id.* at 3).

On December 2, 2015, Appellant filed a joinder complaint against Appellee Monaghan and, on December 4, 2015, Appellant filed an answer and new matter to Appellee Greenberg's complaint. In both, Appellant alleged that Appellee Monaghan controlled the revenue of Appellant's medical malpractice group (to which Appellee Greenberg belonged) and made all decisions about how the revenues should be allocated and distributed. (*See* Joinder Complaint, 12/02/15, at 2-6; *see* Answer with New Matter, 12/04/15, at 3, 5, 10-12). Specifically, Appellant contends that, in 2014, the Court of Common Pleas of Berks County found Appellee Monaghan in contempt and that he diverted funds that should have been used to pay obligations of his practice group (including payments to Appellee

Greenberg) to pay the costs of defending the contempt action. (**See** Joinder Complaint, at 2-6, **see** Answer with New Matter, at 10-12).

In September 2015, Appellee Monaghan and his team left Appellant and moved to another law firm. (**See** Answer with New Matter, at 8, 15; Philadelphia County Complaint, 8/05/16, at 5). On August 5, 2016, Appellant filed an action against Appellee Monaghan in the Court of Common Pleas of Philadelphia County. This action related to Appellee Monaghan's handling of the contempt citation. (**See** Philadelphia County Complaint, at 2-6).

On September 9, 2016, Appellee Monaghan filed the motion for coordination seeking to coordinate the Philadelphia and Chester County actions in Chester County. On November 15, 2016, the trial court granted the motion. The instant, timely appeal followed. On December 14, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On January 3, 2017, Appellant filed a timely Rule 1925(b) statement. **See id.** On February 2, 2017, the trial court filed an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

1. Did the [t]rial [c]ourt err and abuse its discretion in granting the [m]otion to [c]oordinate the Chester County [a]ction with the Philadelphia County [a]ction since no common question of law or fact predominates both actions and is significant to their resolution?

2. Did the [t]rial [c]ourt err and abuse its discretion in granting the [m]otion to [c]oordinate the Chester County

- 3 -

[a]ction with the Philadelphia County [a]ction since coordination of both actions is not a fair and efficient method of adjudicating either controversy, a collection action by [Appellee Greenberg] against [Appellant] and a[n] indemnification and contribution action by [Appellant] against [Appellee Monaghan] pending in Chester County, and the Philadelphia County Action, which [Appellant] brought against its former employee, [Appellee Monaghan], for fraud in the inducement, breach of fiduciary and equitable duties owed to the firm, and unjust enrichment?

3. Did the [t]rial [c]ourt err and abuse its discretion in granting the [m]otion to [c]oordinate the Chester County [a]ction with the Philadelphia County [a]ction since the law and the facts which support the claims and defenses in the Chester County Action, a collection action by [Appellee Greenberg] against [Appellant] and an indemnification and contribution action by [Appellant] against [Appellee Monaghan], are not predominately and significantly the same as those which support the claims and defenses in the Philadelphia County Action filed by [Appellant] against [Appellee Monaghan] for fraud in the inducement, breach of fiduciary and equitable duties owed to the firm, and unjust enrichment?

4. Did the [t]rial [c]ourt err and abuse its discretion in granting the [m]otion to [c]oordinate since coordination of both actions will not promote settlement of either action?

5. Did the [t]rial [c]ourt err and abuse its discretion in granting the [m]otion to [c]oordinate the Chester County [a]ction and the Philadelphia County [a]ction in Chester County rather than in Philadelphia County because neither action has any connection to Chester County?

(Appellant's Brief, at 4).

Before we may consider the issues raised by Appellant, we must determine whether the order before us is appealable. Although none of the parties questioned the appealability of the order, it implicates our jurisdiction, and therefore, "this Court has the power to inquire at any time,

- 4 -

*sua sponte*, whether an order is appealable." **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa. Super. 2009) (citation omitted).

This Court has found that an order granting a motion to coordinate actions pursuant to Pa.R.C.P. 213.1 is an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311(c). **See Pennsylvania Manufacturers' Ass'n. Ins. Co. v. Pennsylvania State University**, 63 A.3d 792, 793 n.1 (Pa. Super. 2013). Pennsylvania Rule of Appellate Procedure 311(c) provides,

> [a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum *non conveniens* or analogous principles.

Pa.R.A.P. 311(c). Generally, when a trial court grants a motion to coordinate actions, it also, concomitantly orders the transfer of the case from the foreign county to the county in which the actions will be coordinated. **See Pennsylvania Manufacturers' Ass'n. Ins. Co.**, **supra** at 793 (granting coordination of actions in Philadelphia County and transferring Centre County case to Philadelphia County). Therefore, because the trial court did so here, (**see** Order, 11/15/16, at unnumbered page 1), the order is appealable under Rule 311(c) since it "tranferr[ed] the matter of another court of coordinate jurisdiction." Pa.R.A.P. 311(c). Accordingly, we will address the merits of Appellant's contentions.

- 5 -

In the instant matter, all of Appellant's issues address elements of the trial court's decision to grant the motion for coordination, therefore, we will address them together.[2] Our standard of review is settled. "We review an order coordinating actions for abuse of discretion by the trial court." *Pennsylvania Manufacturers' Ass'n Ins. Co.*, *supra* at 794. Further, we have stated:

> Where the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists. Whether we would have reached the same conclusion is immaterial. In exercising its discretion, the trial court should receive guidance not only from the enumerated [Pennsylvania Rule of Civil Procedure 213.1(c)] criteria . . . but also from the explanatory comment to Rule 213.1(c), which explains that the ultimate determination that the court must make is whether coordination is a fair and efficient method of adjudicating the controversy.

*Washington v. FedEx Ground Package Sys.*, 995 A.2d 1271, 1277 (Pa. Super. 2010) (citations and quotation marks omitted).

Pennsylvania Rule of Civil Procedure 213.1 governs the coordination of actions filed in different counties. It provides, in pertinent part:

> (a) In actions pending in different counties which involve a common question of law or fact or which arise from the same

---

[2] Despite raising five questions in its statement of the questions involved, Appellant divides its argument into only three sections, contrary to our rules of appellate procedure. (*See* Appellant's Brief, at 17-23); *see also* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). Nonetheless, we will address its issues because this discrepancy does not hamper our review. *See Donahue v. Fed. Express Corp.*, 753 A.2d 238, 241 n.3 (Pa. Super. 2000).

transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

\* \* \*

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

> (1) whether the common question of fact or law is predominating and significant to the litigation;

> (2) the convenience of the parties, witnesses and counsel;

> (3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

> (4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

> (5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

> (6) the likelihood of settlement of the actions without further litigation should coordination be denied.

Pa.R.C.P. 213.1(a), (c).

In the instant matter, with respect to the first factor,[3] Appellant admits that there is a "relationship" between the instant matter and the Philadelphia

---

[3] "[W]hether the common question of fact or law is predominating and significant to the litigation." Pa.R.C.P. 213.1(c)(1).

County Case. (Appellant's Brief, at 19). However, Appellant maintains that the instant matter is essentially an "accounting action," while the Philadelphia County Case "arises from [Appellee] Monaghan's misconduct in conducting his relationship with [Appellant]." (*Id.* at 20). Appellee Monaghan disagrees stating, "[t]here are common questions concerning the cash flow at [Appellant], who had the authority to direct revenue, and what factors other than the written contracts played a role in [Appellee] Greenberg's compensation by [Appellant]." (Appellee Monaghan's Brief, at 13). In resolving this factor in favor of Appellee Monaghan, the trial court stated:

> As described above, a major issue in both actions is [Appellee Monaghan's] use of [Appellant's] revenue stream to pay for the defense of his contempt citation in the [Berks County] action. [Appellee Monaghan's] "diversion" of funds for that purpose is the basis of [Appellant's] defense in the instant action, its [j]oinder [c]omplaint in the instant action and is also the basis of the Philadelphia [a]ction. . . .

(Trial Court Opinion, 2/02/17, at 3).

Having thoroughly reviewed the record, we see no abuse of discretion on the part of the trial court. As discussed above, at the heart of both cases is the issue of Appellee Monaghan's ability to control the revenue streams of Appellant and his alleged decision to divert funds from paying Appellant's expenses, including the payments of the percentage fees to Appellee Greenberg, to defending the Berks County action. This is sufficient to justify the grant of the motion for coordination. *See Abrams v. Uchitel*, 806 A.2d

1, 7 (Pa. Super. 2002) (finding no abuse of discretion in granting coordination despite lack of identity of all parties in all cases where same parties were involved in same transactions in both cases); *see also* ***Wohlsen/Crow v. Pettinato Assoc. Con. & Eng., Inc.***, 666 A.2d 701, 704 (Pa. Super. 1995) (affirming coordination of five secondary cases with primary case, despite differing theories of recovery, where all cases involved contract to build prison).

With respect to the second factor,[4] Appellant argues that the trial court should have coordinated the action in Philadelphia rather than Chester County, as Philadelphia County is more convenient for Appellant and its witnesses. (***See*** Appellant's Brief, at 22-23). However, Appellant does not argue that Chester County is an inconvenient forum, but rather that the action has no connection to Chester County. (***See id.***). Despite this, we note that Appellant did not file preliminary objections challenging venue in Chester County, instead filing an answer and new matter and a joinder complaint.

We have stated that, "[t]he choice of venue, like the decision to coordinate, is left to the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion." ***Wohlsen/Crow***, ***supra*** at 704. Here, we discern no abuse of discretion. Appellant did not object to

---

[4] "[T]he convenience of the parties, witnesses and counsel." Pa.R.C.P. 213.1(c)(2).

- 9 -

venue in Chester County in the first instance, and has failed to point to any specific factor that would make it inconvenient for the parties, witnesses and counsel. (**See** Appellant's Brief, at 22-23); **see also Pennsylvania Manufacturers' Ass'n Ins. Co.**, **supra** at 795 (rejecting forum *non conveniens* argument made in context of motion for coordination; finding that trial court need only consider Rule 213.1(c) factors); **Lincoln Gen. Ins. Co. v. Donahue**, 616 A.2d 1076, 1080 (Pa. Cmwlth. 1992) ("It is not an abuse of discretion to order a transfer which will enhance the convenience of a majority of the individuals involved).[5]

In its brief, Appellant does not address the third through fifth factors.[6] In its decision, the trial court found that "[l]itigating this issue in one action will save judicial resources and promote efficiency." (Trial Ct. Op., at 3). There is no basis to upset this holding. **See Washington**, **supra** at 1279 (affirming coordination where it would "ensure judicial efficiency as well—

---

[5] While decisions of the Commonwealth Court are not binding upon us, they may serve as persuasive authority. **See Commonwealth v. Ortega**, 995 A.2d 879, 885 (Pa. Super. 2010), appeal denied, 20 A.3d 1211 (Pa. 2011).

[6] "[W]hether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination; the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions; the disadvantages of duplicative and inconsistent rulings, orders or judgments[.]" Pa.R.C.P. 213.1(c)(3), (4), and (5).

establishing one court to address discovery issues, motions and other pretrial decisions involving the same facts and circumstances.").

With respect to the sixth and final factor,[7] the trial court found that coordination "could also potentially promote a settlement." (Trial Ct. Op., at 3). Appellee Monaghan agrees. (*See* Appellee Monaghan's Brief, at 17). On appeal, Appellant's argument with respect to this issue is as follows.

> For reasons well known to counsel for the parties, and to the parties themselves, which do not bear further discussion here, there is no meaningful likelihood of settlement. Hence, compelling the parties to litigate both actions in tandem will not promote settlement.
>
> Therefore, this factor does not mitigate in favor of coordination, and the [o]rder granting [Appellee] Monaghan's [m]otion [f]or [c]oordination in the Chester County [a]ction should be overruled.

(Appellant's Brief, at 22).

This Court is not counsel or a party to this action. The trial court found that coordination could promote settlement. The burden is on Appellant to explain why this was an abuse of discretion; Appellant has not done so. *See Lincoln Gen. Ins. Co.*, *supra* at 1081 (declining to speculate in order to find abuse of discretion on sixth factor where court was unable to understand the basis of appellant's argument on issue). Therefore, we find

---

[7] "[T]he likelihood of settlement of the actions without further litigation should coordination be denied." Pa.R.C.P. 213.1(c)(6).

that the trial court did not abuse its discretion in finding that this factor favored coordination.

For the reasons discussed above, we hold that the trial court did not abuse its discretion in granting Appellee's motion for coordination. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017