J-A09010-21

2021 PA Super 158

| | |
|---|---|
| HTR RESTAURANTS, INC. D/B/A/ SIEBS PUB, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, 3382 BABCOCK BOULEVARD, PITTSBURGH, PA 15327 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIE INSURANCE EXCHANGE, 100 ERIE INSURANCE PLACE, ERIE, PA 16530 | |
| Appellant | No. 902 WDA 2020 |

Appeal from the Order Entered July 24, 2020
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD-20-006901

| | |
|---|---|
| JOSEPH TAMBELLINI, INC. D/B/A JOSEPH TAMBELLINI RESTAURANT, 5701 BRYANT STREET, PITTSBURGH, PA 15206 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIE INSURANCE EXCHANGE, 100 ERIE INSURANCE PLACE, ERIE, PA 16530 | |
| Appellant | No. 903 WDA 2020 |

Appeal from the Order Entered July 24, 2020
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD-20-005137

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

_____

[*] Retired Senior Judge assigned to the Superior Court.

OPINION BY STABILE, J.:                    **FILED: AUGUST 10, 2021**

Appellees, HTR Restaurants, Inc. ("HTR") and Joseph Tambellini, Inc. ("Tambellini"), filed civil actions in Allegheny County against Appellant, Erie Insurance Exchange, seeking coverage for alleged business interruption losses incurred as a result of COVID-19-related shutdowns. HTR and Tambellini moved for coordination of their actions under Pa.R.C.P. 213.1 with (1) other actions against Erie on the same coverage issue pending in Philadelphia and Lancaster Counties and (2) all other present and future Pennsylvania actions against Erie on the same coverage issue. The Court of Common Pleas of Allegheny County granted HTR's and Tambellini's motions for coordination. Erie filed timely appeals at both of the above captions, which we have consolidated for purposes of disposition. In addition, several other parties subject to the consolidation order ("the Munley plaintiffs") filed a brief in this Court objecting to coordination. For the reasons given below, we reverse the coordination order in part, vacate in part, and remand for further proceedings.

On April 17, 2020, Tambellini filed a civil complaint against Erie in the Court of Common Pleas of Allegheny County. On June 17, 2020, HTR filed a civil complaint against Erie in the Allegheny County court. Both Tambellini and HTR asserted claims against Erie under their insurance policies for business interruption losses incurred in connection with COVID-19-related shutdowns.

On June 24, 2020, pursuant to Rule 213.1, Tambellini and HTR jointly filed a motion to coordinate requesting that the Allegheny County court (1)

- 2 -

coordinate Tambellini's and HTR's actions in Allegheny County with the Lancaster County and Philadelphia County actions and (2) coordinate any other Pennsylvania action against Erie concerning its denial of business interruption coverage in Allegheny County. Other plaintiffs with similar actions against Erie in Philadelphia County (Capriccio Parkway, LLC) and Lancaster County (Perfect Pots, LLC) joined in this motion.

On July 17, 2020, Erie filed a response in opposition to the motion to coordinate and attached a list of all pending actions against Erie in Pennsylvania courts. Subsequently, Tambellini and HTR jointly filed a reply brief stating that they sent notice of the motion to coordinate via certified mail to the plaintiffs' attorneys in the other cases. Several plaintiffs in these cases objected to coordination, while others agreed that the coordination was appropriate.

On July 24, 2020, following oral argument, the Allegheny County court entered an order granting the motion to coordinate. The order provided:

> 1. The Allegheny County Action[s], Philadelphia County Action, and the Lancaster County Action are coordinated for all pre-trial matters, trial, and full and final resolution;
>
> 2. Pursuant to Pennsylvania Rule of Civil Procedure 213.1(e), the Clerk of this Court shall immediately send a certified copy of this Order to the respective courts in the actions set forth in Paragraph[] 1 and a notice to all Plaintiffs and [Erie] of this Order immediately upon its entry. [Erie] shall also serve this Order on counsel for all parties in the actions set forth in Paragraph 1 and all other similarly situated Plaintiffs;

3. [Erie] shall notify this Court of any further similar actions filed against [Erie], and those actions will be transferred to this Court and made part of the proceedings coordinated by this Order;

4. Any party in an action identified in a notice filed with this Court as raising common questions of fact or law can within thirty (30) days of this Order or within fourteen (14) days after the notice is filed (whichever is later), file an objection to being part of the coordinated proceedings with this Court. If no objection is filed within the thirty (30) day period, the Clerk shall send a certified copy of this Order and the notice that the case is part of this proceeding to the court where the action was initially filed to implement the transfer to this Court. If a party files an objection, any party to the coordinated proceeding may file a response to the objection within fourteen (14) days. If the Court rules that the action should not be part of the coordinated proceedings, the action will not be transferred. If the Court finds that the action shall be part of the coordinated proceedings, the Clerk shall send a certified copy of the Order denying the objection to the court where the action was initially filed to implement the transfer to this coordinated proceeding; and

5. All parties shall bear their own costs in connection with coordination and the litigation of the coordinated actions.

Order, 7/24/20.

On July 28, 2020, several parties from Lackawanna County—Social Victory Media, LLC d/b/a Autobahn Tag & Title, Lora Hobbs d/b/a Live With It, and Cheryl Simon d/b/a Cheryl's Studio II ("the Munley plaintiffs"),[1] filed objections to coordination in the Tambellini action. In their objections, the Munley plaintiffs argued that they filed civil actions in Lackawanna County against Erie relating to denial of business interruption coverage, and that no

---

[1] We refer to these entities as the Munley plaintiffs because they all are represented by the law firm of Munley Law, PC. and have been referred to as such in briefs.

basis existed for the Allegheny County court to coordinate their actions against Erie with the Tambellini and HTR actions.

On July 31, 2020, HTR and Tambellini submitted a proposed case management order requesting the trial court to appoint their counsel as "co-lead counsel" for the "proposed class" and to grant them "sole authority" over: "all pleadings and motions"; "all discovery proceedings"; "settlement negotiations and/or settlement"; and "the allocation of fees among the various firms doing work in the case." Proposed Case Management Order, 7/31/20, at 1-9. On the same date, Erie filed an alternative proposed case management order. [2]

On August 3, 2020, Ian McCabe Studio, LLC ("McCabe") filed an emergency motion to intervene in the Tambellini and HTR actions, objecting to the coordination order. McCabe asserted that its motion to intervene was "as timely as possible, as the Plaintiff[s'] Motion to Coordinate was not properly served on all parties with an interest in the action. As such, McCabe was not given an opportunity to oppose coordination prior to the Motion's approval." Motion To Intervene, at ¶ 1. McCabe subsequently filed a brief explaining that (1) its studios are located in Washington, D.C.; (2) it filed an action against Erie in Philadelphia County concerning denial of business interruption coverage; (3) Allegheny County was an inconvenient forum in

_____

[2] At the time of these appeals, the trial court had not yet ruled on the parties' proposed case management orders. They remain undecided as of this date.

which to litigate its claims; and (4) its case was different from the cases of other parties because the law of Washington, D.C. governed instead of Pennsylvania law.

On August 20, 2020, Neighborhood Boxing Club, LLC, Chestnut Hill Complex Corporation, and Glengarry Properties, LP ("the Neighborhood Boxing Club plaintiffs"), filed a motion to intervene in the Allegheny County court. The Neighborhood Boxing Club plaintiffs claimed that they filed writs of summons against Erie in the Court of Common Pleas of Philadelphia County several days after the Allegheny County court entered its coordination order. The Neighborhood Boxing Club plaintiffs agreed to coordination of their business interruption coverage issues with the Tambellini and HTR actions but objected to coordination of other breach of contract and damages claims.

On August 21, 2020, Erie filed notices of appeal to this Court from the coordination order in the Tambellini and HTR cases. Erie filed a timely Pa.R.A.P. 1925(b) statement of matters complained of on appeal. On November 11, 2020, the Allegheny County court filed a Pa.R.A.P. 1925(a) opinion stating that it was proper to coordinate the Tambellini and HTR actions with the Capriccio Parkway and Perfect Pots actions. The court did not address the Munley plaintiffs' objection to coordination or the motions to intervene of McCabe and the Neighborhood Boxing Club plaintiffs.

In this Court, both Erie and the Munley plaintiffs have filed briefs challenging the coordination order. Erie raises the following issues in its appeal:

1. Did the Trial Court exceed its authority and abuse its discretion under Pa.R.Civ.P. 213.1 by divesting other courts in other counties of jurisdiction and plaintiffs of their choice of venue in cases where no party requested coordination?

2. Did the Trial Court exceed its authority and abuse its discretion under Pa.R.Civ.P. 213.1 by coordinating future actions that were not pending at the time of its order?

3. Did the Trial Court exceed its authority and abuse its discretion under Pa.R.Civ.P. 213.1(c) by failing to adequately consider whether coordination will result in injustice, prejudice, unreasonable delay or expense, or inconvenience to any party?

4. Does Pa.R.Civ.P. 213.1(d)(3) permit enterprising plaintiffs' counsel to use the coordination device as a pretext to usurp other lawyers' cases, clients, and fees?

5. Does Pa.R.Civ.P. 213.1 permit a trial court to expand the Pennsylvania Rules of Civil Procedure governing Class Actions to the detriment of [Erie] and unnamed class members by dispensing with the Rules concerning class certification requirements in advance of class treatment?

6. Does Pa.R.Civ.P. 213.1 create the Pennsylvania equivalent of a federal Multidistrict Litigation ("MDL") Proceeding?

Erie's Brief at 5-7.

The Munley plaintiffs raise a single issue in their brief:

Whether the trial court erred when it granted the Joint Motion to Coordinate which coordinated the Philadelphia County Action and the Lancaster County Action in the Allegheny County Court of Common Pleas along with any further similar actions filed against [Erie], including actions not yet filed?

Munley Plaintiffs' Brief at 8.

Pa.R.C.P. 213.1, entitled "Coordination Of Actions In Different Counties," provides:

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion and the court may hold a hearing.

(b) The court in which the complaint was first filed may stay the proceedings in any action which is the subject of the motion.

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

(d) If the court orders that actions shall be coordinated, it may

(1) stay any or all of the proceedings in any action subject to the order, or

(2) transfer any or all further proceedings in the actions to the court or courts in which any of the actions is pending, or

(3) make any other appropriate order.

(e) In the order of coordination, the court shall include the manner of giving notice of the order to all parties in all actions subject thereto and direct that specified parties pay the costs, if any, of coordination. The court shall also order that a certified copy of the order of coordination be sent to the courts in which the actions subject to the order are pending, whereupon those courts shall take such action as may be appropriate to carry out the coordination order.

(f) The final order disposing of a coordinated action or proceeding shall be certified and sent to the court in which the action was originally commenced to be filed of record.

*Id.* The purpose of this rule is "avoidance of multiple trials and proceedings in these actions and the resultant economy to both the parties and the judicial system." Explanatory Comment, Pa.R.Civ.P. 213.1. The problem that this rule is designed to relieve is "where actions proceed simultaneously in more than one county and no court will defer to another and no party is willing to litigate the claim in a county other than the one of his choosing. This situation leads to duplication of effort by the courts and the parties and may result in inconsistent rulings and orders." *Id.* Rule 213.1 "provides an opportunity for creative judicial management." Explanatory Comment, Pa.R.C.P. 213.1. The court may make "any . . . appropriate [coordination] order. For instance, actions may be consolidated generally, for pretrial proceedings, for determination of specified issues of law or fact or for trial. The order is limited only by its function of providing a fair and efficient method of adjudicating the

controversy." ***Id.*** We review an order coordinating actions for abuse of discretion. ***Pennsylvania Manufacturers' Association Insurance Co. v. The Pennsylvania State University***, 63 A.3d 792, 794 (Pa. Super. 2013).

Before proceeding further, we note that we have jurisdiction over Erie's appeal, because the Allegheny County court's order directing coordination of actions in different counties is an interlocutory order appealable as of right. ***Wohlsen/Crow v. Pettinato Associated Contractors & Engineers, Inc.***, 666 A.2d 701, 703 (Pa. Super. 1995). In addition, while the Munley plaintiffs did not file a notice of appeal, the Rules of Appellate Procedure provide that "[a]ll parties to the matter in the court from whose order the appeal is being taken shall be deemed parties in the appellate court." Pa.R.A.P. 908. The Munley plaintiffs were "parties to the matter" in the trial court, ***id.***, because the Rules of Civil Procedure deem any party subject to coordination as a "party" with standing to object to coordination. Pa.R.C.P. 213.1(a) (any "party" subject to coordination is entitled to notice of a coordination motion and "may file an answer to the motion"). Accordingly, the Munley plaintiffs are parties to this appeal under Pa.R.A.P. 908.

One other procedural issue concerning the Munley plaintiffs deserves mention. Rule 213.1(a) calls for parties to file objections to a coordination motion prior to a decision on the motion. One purpose of this requirement is to permit the court to assess the motion and answers so that it may decide to hold a hearing on the coordination motion. Pa.R.C.P. 213.1(a). Here, through

no fault of their own, the Munley plaintiffs did not file objections prior to the coordination order because they did not receive notice of coordination before the coordination order was entered. Upon receiving notice, they promptly filed objections to coordination weeks before Erie's appeal. Under these circumstances, the fact that they did not file objections until after the coordination order was entered does not defeat their right to participate in this appeal.

In its first issue, Erie asserts that Rule 213.1 did not entitle Tambellini and HTR, as parties in Allegheny County actions, to seek coordination with actions from outside Allegheny County. According to Erie, Rule 213.1 only permits parties to actions outside of Allegheny County to move for coordination with an Allegheny County action. We disagree. The plain language of Rule 213.1 permits any party, including Allegheny County parties such as Tambellini and HTR, to request coordination of their Allegheny County actions with actions outside Allegheny County.

The relevant text in Rule 213.1(a) provides, "In actions pending in **different** counties . . . **any party**, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions." *Id.* (emphasis added). Presently, there were actions against Erie relating to business interruption coverage pending in "different counties"—specifically, the Tambellini and HTR actions in Allegheny County, one action in Philadelphia County, and one in Lancaster County. Rule

- 11 -

213.1(a) authorized "any party" in these actions, including the plaintiffs in Allegheny County, Tambellini and HTR, to move for coordination of all actions in Allegheny County.

Erie maintains that Rule 213.1 only permits parties outside the county of the first-filed case, *i.e.*, parties outside of Allegheny County, to move for coordination with Allegheny County actions. The rule, Erie insists, "does not, on its face, permit a stranger to Case A to file a motion to use a commandeering maneuver to coordinate Case A with a case filed earlier by the stranger. That is, it is up to the parties to Case A—and not the stranger— to seek coordination." Erie's Brief at 28-29. The rule does not support Erie's position. It expressly permits "any party," including parties to the first-filed actions such as Tambellini and HTR, to seek coordination of all actions in the county of the first-filed case. Had our Supreme Court intended Erie's interpretation to apply, it would have provided in the rule that "any party other than the plaintiff in the court in which a complaint was first filed" may seek coordination, or words to that effect. The absence of such limiting language demonstrates that the Court did not intend to include any such qualification in the rule. Accordingly, Erie's first argument fails.

Erie's second issue fares more successfully. Erie contends that the court misapplied Rule 213.1 by granting coordination not only in pending business interruption coverage cases against Erie but in cases that have not yet been

filed. We agree. We hold that Rule 213.1 does not permit coordination of cases that are not filed at the time of the motion for coordination.

Rule 213.1's repeated use of the term "pending" is pivotal to our analysis. Rule 213.1(a) provides that "[i]n actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions." *Id.* Any party may file an answer to the motion for coordination. *Id.* In addition, Rule 213.1(d) provides that "[i]f the court orders that actions shall be coordinated, it may . . . transfer any or all further proceedings in the actions to the court or courts in which any of the actions is pending." Pa.R.C.P. 213.1(d)(2). Further, Rule 213.1(e) requires the court that orders coordination to send a certified copy of the coordination order "to the courts in which the actions subject to the order are pending, whereupon those courts shall take such action as may be appropriate to carry out the coordination order." Pa.R.Civ.P. 213.1(e). The repetitive use of "pending" demonstrates that our Supreme Court promulgated Rule 213.1 with the intent to limit coordination to "pending" actions.

Although Rule 213.1 itself does not define "pending," we think it is clear that a "pending" action under this rule is an action already in existence at the time of the motion for coordination. This definition of "pending" is consistent with decisions construing this term in other contexts. For example, in **Getty**

*v. Getty*, 221 A.3d 192 (Pa. Super. 2019), an amendment to Section 3501 of the Divorce Code, 23 Pa.C.S.A. § 3501, provided that the amendment was applicable to all proceedings *pending* on or after January 28, 2005. We held that the amendment applied to that case, reasoning:

> "Pendency, in practice, has been said to be 'the state of an undetermined proceeding.' 70 C.J.S., p. 420. Black's Law Dictionary, 3rd Ed., p. 1345, defines the term as 'the state of an action, etc., after it has been begun, and before the final disposition of it' (emphasis supplied)." ***Sch. Dist. of Robinson Twp. v. Houghton***, 387 Pa. 236, 128 A.2d 58, 60-61 (1956). Instantly, there is no question that this case was on appeal to this Court at the time subsection 3501(c) went into effect. Thus, this case meets the aforementioned definition of pending, as no final disposition had yet occurred. Accordingly, we hold that because this case was pending, the trial court did not err by applying subsection 3501(c).

*Id.* at 196; ***see also In Re McCutcheon***, 846 A.2d 801 (Pa. Ct. Jud. Disc. 2004) (case is "pending," for purposes of rule governing standard of conduct of district justices prohibiting *ex parte* communications concerning pending proceeding, "after it is filed and is awaiting decision or settlement; after it is begun but is unfinished").

The coordination order in this case states that Erie "shall notify this Court of any further similar actions filed against [Erie], and those actions will be transferred to this Court and made part of the proceedings coordinated by this Order." Order at ¶ 3. This order purports to apply not only to actions already in existence but also to actions not yet filed at the time of the motion for coordination. Because Rule 213.1 limits coordination to "pending" actions, we reverse the coordination order to the extent it directs coordination of

actions that were not filed on the date of Tambellini's and HTR's motion for coordination.

The trial court herein grounded its attempt to coordinate unfiled cases under the language of Rule 213.1(d)(3), which permits "any other appropriate order" that furnishes a fair and efficient method of adjudicating the controversy. Pa.R.A.P. 1925(a) Opinion, 11/19/20, at 4-5. The court stated that it "recognized that, following its granting of the [Appellees'] Joint Motion to Coordinate, similar claims for business interruption coverage relating to COVID-19 were forthcoming." *Id.* at 5. Consequently, it "determined that, with regard to future filed actions, the most fair and orderly method for adjudicating the controversy was to have similar future actions automatically coordinated, unless any party files an objection, and the Court finds that the action should not be part of the coordinated proceeding." *Id.* We find this rationale unconvincing. While Rule 213.1(d)(3) allows "any other appropriate order," the present order is facially inappropriate because it violates Rule 213.1's plain language restricting the scope of coordination orders to pending cases. Also of significance, by automatically coordinating any future filed actions, the coordination order violates Rule 213.1's directive that any party has the right to file an answer to the coordination motion before entry of a coordination order. The order deprives future litigants of their right to be heard *before* the coordination order is entered. In this regard, the trial court clearly abused its discretion in its coordination order.

- 15 -

Erie's third issue, as well as the lone argument in the Munley plaintiffs' brief, both claim that the coordination order rests upon a flawed balancing of the six criteria within Rule 213.1(c). Erie contends that the trial court (1) failed to consider the convenience of the parties, witnesses and counsel; (2) subjected parties throughout the Commonwealth to lengthy and expensive trials in Allegheny County; (3) violated the non-moving plaintiffs' and Erie's Due Process rights to separate trials in which each plaintiff and Erie can focus on their individualized claims and defenses; (4) failed to address how and where each insured's case would be tried; and (5) failed to address whether counsel for each insured would be permitted to prosecute the insured's case instead of counsel for Tambellini and HTR. Erie's Brief at 41-47. The Munley plaintiffs contend that (1) "the specific facts and circumstances of each business and the impact that the government shut down orders have had on each of them cannot be viewed in a vacuum of a coordinated case"; (2) the Munley plaintiffs are in Lackawanna County, making it extremely inconvenient to try their cases in Allegheny County, a venue on the other side of the Commonwealth with which they have no connection; (3) Allegheny County jurors should not have the burden of deciding disputes between Lackawanna County plaintiffs and Erie; (4) Tambellini and HTR have no right to force parties from other counties to try their cases in Allegheny County. Munley Plaintiffs' Brief at 18-21.

As discussed above, Rule 213.1(a) calls for the court to address all parties' objections to coordination (and, if it desires, hold a hearing) *before* issuing its coordination order. Here, the court entered a coordination order before a number of litigants (the Munley plaintiffs, McCabe, and the Neighborhood Boxing Club plaintiffs) filed their objections. Subsequently, it filed a Rule 1925(a) opinion without addressing these parties' objections.

We have said that "the lower court must have a complete record . . . and must file a comprehensive opinion giving us the benefit of a thorough analysis of that record." *Valentino v. Valentino*, 393 A.2d 885, 885-86 (Pa. Super. 1978). When the record is incomplete, we will remand for proceedings necessary to complete the record. *Id.* at 886. The court herein did not rule on a complete record, because it entered a coordination order without the benefit of objections from all interested parties, such as the Munley plaintiffs, McCabe, and the Neighborhood Boxing Club plaintiffs. As a result, the court did not conduct the "thorough analysis" that should undergird its Rule 1925 opinion. *Id.* It would be premature for us to decide these parties' objections to coordination without first giving the trial court the opportunity to complete the record and file an opinion that thoroughly analyzes the record. Accordingly, we remand this case in order for the trial court to decide the objections to coordination by the Munley plaintiffs, McCabe and the Neighborhood Boxing Club plaintiffs, and also to decide whether these objections affect its disposition of the objections to coordination raised by Erie.

Erie argues in its fourth issue that the trial court abused its discretion by creating a new category of quasi-class action procedures contrary to the Rules of Civil Procedure. In class actions, the court first determines whether to certify a class, which entails a preliminary inquiry into the allegations of the putative class and its representative. Pa.R.C.P. 1707 cmt. (certification process "is designed to decide who shall be the parties to the action and nothing more"). The trial court may allow certification, and allow a representative to sue on behalf of a class, if

> the class is numerous ("numerosity"); there are questions of law or fact common to the class ("commonality"); the claims of the representative are typical of the class ("typicality"); the representative will fairly and adequately protect the interests of the class ("adequate representation"); and a class action is a fair and efficient method for adjudicating the parties' controversy, under criteria set forth in Rule 1708.

*Samuel-Bassett v. Kia Am. Motors, Inc.*, 34 A.3d 1, 16 (Pa. 2011). Among the seven criteria listed in Rule 1708 for determining whether the class action is a fair and efficient method of adjudication is "whether [the] common questions of law or fact predominate over any question affecting only individual members" ("predominance"). Pa.R.C.P. 1708(a)(1). In addition, the court must also decide "whether the representative parties will fairly and adequately assert and protect the interests of the class." Pa.R.C.P. 1709. In making this determination, the court must consider, *inter alia*, "whether the attorney for the representative parties will adequately represent the interests of the class." Pa.R.C.P. 1709(1). The proponent for certification has the

burden of proving these criteria. ***Kern v. Lehigh Valley Hosp., Inc.***, 108 A.3d 1281, 1285 n.4 (Pa. Super. 2015). When the court certifies a class, it must give each member the right to opt out of the class before a later date. ***See*** Pa.R.C.P. 1711(a) ("every member of the class is included" in class certification order "unless by a specified date a member files of record a written election to be excluded from the class").

Unlike these rules, Rule 213.1 does not provide any class certification procedure—but the trial court effectively created a class of plaintiffs by including all present and future business interruption cases in its coordination order. This was improper for several reasons. As discussed above, Rule 213.1 does not permit inclusion of as-yet unfiled cases in the coordination order. Nor does Rule 213.1 have an opt-out mechanism, that is, a mechanism for parties subject to coordination to exclude themselves as of right from coordination. Instead, as discussed above, Rule 213.1 requires that **before** the court issues a coordination order, all parties must receive notice of the motion for coordination and have the opportunity to object to coordination. Pa.R.C.P. 213.1(a). For these reasons alone, the court improperly used class action procedures in its coordination order that do not fit within the framework of Rule 213.1. Rule 213.1 cannot function as a substitute for class certification procedures because it does not provide, at a minimum, the necessary protections found in our class action rules to bind all future and unnamed litigants to a pending coordination action.

Relatedly, Erie argues in its fifth issue that the court's coordination order permits enterprising plaintiffs' counsel to use the coordination device as a pretext to usurp other lawyers' cases, clients, and fees. As evidence of this, Erie points to the proposed case management order of counsel for HTR and Tambellini to have themselves appointed as "co-lead" counsel for the "class" of coordinated plaintiffs wherein they request that their attorneys assume sole authority in all coordinated cases for all pleadings and motions, discovery proceedings, settlement negotiations and allocation of fees among the various firms doing work in the case. Erie's Brief at 51 (citing proposed case management order of HTR and Tambellini). We observe again that while the parties submitted proposed case management orders to the court, the record does not reflect any decision by the court on these proposals. Nonetheless, we address this issue to a limited extent, as it also bears upon the proper scope of Rule 213.1 that is the subject of this appeal.

The procedures embodied in the court's coordination order, as discussed above, and counsel's request for appointment as "co-lead" counsel for all plaintiffs, are improper attempts to transplant class action certification, opt-out, and attorney selection mechanisms into Rule 213.1. Unlike Pennsylvania's class action rules, Rule 213.1 does not authorize a court to appoint lead or representative counsel in coordinated cases. Rule 213.1 permits the *coordination* of cases, not the realignment or appointment of representative counsel to represent the interests of similarly situated parties

in cases to be coordinated. We do not read the ability of a court under Rule 213.1(d)(3) to "make any other appropriate order" with respect to coordination to be expansive enough to include class-action like procedures. This catchall provision must be read within the context and confines of what the rule itself is designed to do: to coordinate cases pending in different counties. *See* 1 Pa.C.S.A. § 1932 (statutes or parts of statutes in *pari materia* shall be construed together, if possible, as one statute). Simply stated, Rule 213.1 is not a class action rule.[3]

Erie's sixth and last issue asserts that the trial court improperly devised a procedure that resembles federal multidistrict litigation not authorized under

_____

[3] We respectfully disagree with our learned colleague's concurrence taking issue with us addressing Erie's issues four and five as constituting dicta that both the trial court and this court should ignore. Erie has properly raised and preserved issues four and five, and they were briefed and argued before this Court. The overarching issue raised by Erie in issues four and five, not addressed in its first three issues, is that the trial court improperly expanded Rule 213.1's scope by treating it as a quasi-class-action rule. These issues bear directly on the court's overarching interpretive error in assigning class-action characteristics to Rule 213.1 within the body of its coordination order. The concurrence treats our disposition of issues four and five as mere obiter dictum, or incidental comments by this Court unnecessary to the disposition of the issues before us. Assuming *arguendo* that it is not necessary to address issues four and five, our treatment of these issues should at a minimum be considered "judicial dictum," that is, a statement a court expressly uses to guide parties in their future conduct. As a general rule, such an expression of opinion on a point involved in a case, argued by counsel and deliberately mentioned by the court, although not essential to the disposition of the case, is distinct from mere obiter dictum, and becomes authoritative when the court expressly declares it to be a guide for future conduct. Thus, judicial dictum should receive dispositive weight in a lower court. *See* 21 C.J.S. Courts § 226; *see also* Dictum Revisited, 4 Stan. L. Rev. 509 (1952).

Pennsylvania law. Erie notes that a federal act, 28 U.S.C. § 1407, created a panel of federal judges from throughout the country that decides how to coordinate multi-district federal litigation among the various federal district courts. Pennsylvania, Erie complains, has no such specialized panel to govern which cases within the 67 Pennsylvania counties are proper for coordination and transfer to another county. Erie is correct that Pennsylvania law does not have any equivalent to federal law governing multi-district litigation. However, Rule 213.1 does authorize a single judge (as opposed to a panel of judges) to decide coordination issues within the constraints of Rule 213.1.

Accordingly, we reverse the coordination order to the extent it calls for coordination of actions that were not filed on the date of Tambellini's and HTR's motion for coordination. We vacate the coordination order and remand for the trial court to decide the objections to coordination by the Munley plaintiffs, McCabe, and the Neighborhood Boxing Club plaintiffs, and also to decide whether these objections affect its disposition of the objections to coordination raised by Erie.

Order reversed in part, vacated in part, and remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.

Judge Pellegrini joins the opinion.

Judge Kunselman files a concurring opinion.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  <u>08/10/2021</u>