J-A09010-21

2021 PA Super 158

| | | |
|---|---|---|
| HTR RESTAURANTS, INC. D/B/A/ SIEBS PUB, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, 3382 BABCOCK BOULEVARD, PITTSBURGH, PA 15327 | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| ERIE INSURANCE EXCHANGE, 100 ERIE INSURANCE PLACE, ERIE, PA 16530 | : : : : | |
| Appellant | : | No. 902 WDA 2020 |

Appeal from the Order Entered July 24, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD-20-006901

| | | |
|---|---|---|
| JOSEPH TAMBELLINI, INC. D/B/A JOSEPH TAMBELLINI RESTAURANT, 5701 BRYANT STREET, PITTSBURGH, PA 15206 | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| ERIE INSURANCE EXCHANGE, 100 ERIE INSURANCE PLACE, ERIE, PA 16530 | : : : : : | |
| Appellant | : | No. 903 WDA 2020 |

Appeal from the Order Entered July 24, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-20-005137

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

CONCURRING OPINION BY KUNSELMAN, J.:      **FILED: AUGUST 10, 2021**

I join the majority's analysis on the first three issues.  However, because we decided to remand this case for further development of the record based upon the third issue, I believe our appellate review of this matter should end at that point.  Therefore, I do not join the majority's analysis on the fourth, fifth, and sixth issues and express no opinion on them.

Erie Insurance Exchange's third issue prompts us to vacate the appealed-from order and, as such, fully disposes of this appeal.  I believe the cardinal principle of judicial restraint — *i.e.*, if it is not necessary to decide more, it is necessary not to decide more — counsels us to go no further.  **See PDK Labs, Inc. v. DEA,** 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment).  By ignoring this principle, the learned majority offers mere *dicta* on issues four, five, and six.

"No court . . . is obliged to treat a *dictum* of another court (or, for that matter, its own *dicta*) as binding precedent."  **Maloney v. Valley Med. Facilities, Inc.**, 984 A.2d 478, 490 (Pa. 2009).  Hence, the advisory opinions regarding issues four, five, and six in the Majority Opinion, **supra**, Slip Opinion at 18-22, ____ A.3d ___, _____ (Pa. Super. 2021), bind neither the trial court on remand nor this Court in any future appeal.

In response to my view that they gave three advisory opinions of *dicta*, my learned colleagues offer no reasoning for why I am incorrect in this

_____

[*] Retired Senior Judge assigned to the Superior Court.

observation. *See* Majority Opinion at 21 n.3, ____ A.3d at _____ n.3. Instead, they say that the final three issues are preserved, fully briefed, and "bear directly on the [trial] court's overarching interpretive error in assigning class-action characteristics to Rule 213.1 . . . ." *Id.* I agree. But, even though the final three issues were, at one time, ripe for appellate review does not mean that they remain so into perpetuity. After we decided that the order at bar must be vacated and the case remanded due to the third issue, the final three issues became moot. Once we disposed of and negated the appealed-from order, nothing remained for us to adjudge.

The Majority's current decision on the final three issues is advisory only. At best, it is judicial *dictum*. As Judge Pellegrini has said, "'Judicial *dictum*' is an opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision. *Dicta* has **no** precedential value." ***Valley Twp. v. City of Coatesville***, 894 A.2d 885, 889 (Pa. Cmwlth. 2006) (some quotations omitted) (emphasis added).

Although not binding, I do not assert that "the trial court and this Court **should ignore**" that *dictum*. Majority Opinion at 21 n.3, ____ A.3d ____, _____ n.3 (Pa. Super. 2021) (emphasis added). Upon remand, the parties will further develop the record and present new arguments. Then, the trial court will render a new order on whether the pending lawsuits should be coordinated in Allegheny County and, if so, whether someone should be named as lead co-counsel for the plaintiffs. If the trial court finds the reasoning of my learned

colleagues to be persuasive, it may adopt their rationale as its own.  Therefore, I disagree with my colleagues that, on remand, their advisory opinions carry "dispositive weight in a lower court."  Majority Opinion at 21 n.3, ____ A.3d at _____ n.3.

To the contrary, I believe that the trial court and this Court (in future appeals) are free to reject the Majority's rationale as unpersuasive *dictum*.  As for myself, I express no opinion on the merits of those issues.

I therefore concur in part and concur in the result.